# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08-cr-117-001 |
| v. ) | |
| ) | Judge McDonough/Steger |
| RICHARD TYRONE ALLEN ) | |

## MEMORANDUM AND ORDER

RICHARD TYRONE ALLEN ("Defendant") came before the Court for an initial appearance on December 7, 2018, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 23].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Myrlene Marsa to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary hearing and a detention hearing.

The Court conducted a preliminary hearing and a detention hearing on December 10, 2018. Defendant was represented by Attorney Myrlene Marsa at the hearing, and the Government was represented by AUSA Kyle Wilson. The Government relied upon the sworn Petition executed by United States Probation Officer Doug Corn [Doc. 34], as well as the sworn testimony of Officer Corn. Through the Petition and Officer Corn's testimony, the Court was provided with a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, defendant shall not commit another federal, state, or local crime; defendant shall refrain from any unlawful use of a controlled substance; defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer;

defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony; defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer). Defendant's counsel, Myrlene Marsa, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue the issue of probable cause and whether defendant should be released or detained pending resolution of the Petition.

The undersigned finds that, since Defendant started his term of supervised release on May 27, 2016, he tested positive for marijuana use on multiple occasions; was found by authorities to be in possession of marijuana; failed to complete a drug treatment program at CADAS; failed to be truthful with his Probation Officer; failed to timely report contact with law enforcement personnel; and has been arrested multiple times for a variety of offenses, including a charge of Aggravated Assault following a violent altercation in which the victim was stabbed several times.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender under Supervision, they shall request a hearing before United States District Judge McDonough.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE